C. T. Herring Lumber Co. v. Hazel Tp., Comanche County.

No. 2123, Okla. T.   Opinion Filed Sept. 11, 1908.

· (97 Pac. 612.)

TOWNSHIPS—Contracts—Liability.   In a suit on account against a
   municipal township, a petition which states in the first count
   that the same was for lumber and building material sold and
   delivered pursuant to a contract entered into between the ven-
   dor and said township "by and through its trustees and board of
   directors," "to be used in said township in building and con-
   structing bridges and culverts upon the public highways of said
   township," states facts sufficient to constitute a cause of action,
   and a demurrer thereto was improperly sustained.

(Syllabus by the Court.)

*Error from Probate Court, Comanche County; W. H. Hussey,
Judge.*

Action by the C. T. Herring Lumber Company against Hazel
township, Comanche county.   Judgment for defendant, and plain-
tiff brings error.   Reversed.

On October 11, 1905, the C. T. Herring Lumber Company,
plaintiff in error, plaintiff below, sued Hazel township, Comanche
county, Okla., defendant in error, defendant below, in the probate
court of Camanche county, on an open account for $691.40, bal-
ance due, in the first count, for "certain lumber and building
material to be used by said township in building and constucting
bridges and culverts upon the public highways of said townships,"
for which, it is alleged, defendant by and through its trustee and
board of directors expressly promised to pay, and in the second
count on *quantum meruit* for said amount, alleged to be its value.

A verified statement of the account is filed with the petition,
showing the same to have been furnished between October 25,
1902, and January 5, 1903.   There was a demurrer to the pe-
tition upon the ground that it failed to state facts sufficient to

constitute a cause of action. On April 14, 1906, the court sustained the demurrer to which the plaintiff execpted, and, electing to stand on its petition, the court dismissed the same, and rendered judgment for defendant for costs, which said judgment plaintiff duly brought by case-made and petition in error to the Supreme Court of the territory of Oklahoma, and the same is now before us for review as successor of that court.

*R. J. Ray* and *J. H. Fairs,* for plaintiff in error.

*P. P. Alexander* and *O. H. Travers,* for defendant in error.

TURNER, J. (after stating the facts as above.)    In support of its demurrer to the first count defendant contends that by that part of Act March 3, 1901, c. 846, 31 Stat. 1094, opening the Kiowa-Comanche country, which provides: "A court house shall be erected therewith at such county seat at a cost of not exceeding ten thousand dollars, and the residue shall be applied to the construction of bridges, roads and such other public improvements as the Secretary of the Interior shall deem appropriate, including the the payment of all expenses actually necessary to the maintenance of the county government until the time for collecting county taxes in the calendar year next succeeding the time of the opening.    No indebtedness of any character shall be contracted or incurred by any of said counties prior to the time for collecting county taxes in the calendar year next succeeding the opening, excepting when the same shall have been authoriezd by the Secretary of the Interior"—Congress prohibited Comanche county from incurring any indebtedness prior to the time for collecting county taxes in the calendar year next succeeding the opening, excepting when the same shall have been authorized by the Secretary of the Interior and that Hazel township, being part of Comanche county, is within the prohibition.    With this contention we cannot agree, as we are of the opinion that this act in no way refers to township indebtedness.

It only remains, then, for us to determine whether the trustee and board of directors of Hazel township had authority under

the statute to enter into the contract set forth in the petition, so as to bind the township. Wilson's Rev. & Ann. St. Okla. 1903, §6662, provides that it shall be the duty of the board of county commissioners of the several counties of the territory to organize their respective counties into municipal townships. Section 6663 provides:

"Each organized township as provided in the preceding section shall be a body politic and corporate and in its proper manner may sue and be sued, and may appoint by its proper officers all necessary agents and attorney in that behalf, and may make all contracts that may be necessary and convenient for the exercise of its corporate powers."

Section 6676 provides that in each township thus organized there shall be a board of directors, composed of the township trustee, township treasurer, and township clerk, whose duty it shall be, among others, to audit all accounts ordered and legally presented to them against the township and to levy all taxes for township road, and bridge purposes, etc.

After elsewhere providing that townships shall be divided into convenient road districts, and a road overseer provided for each, and his duties prescribed, section 6685, provides:

"The township board of directors shall make out an account of the amount of money necessary to defray the township expenses during the next ensuing year. Said account shall be made out not more than sixty nor less than twenty days prior to the meeting of the county commissioners at which the assessment for county purposes is made. Said account shall be signed by the president of the board and attested and filed with the clerk of the county on or before the first day of said session of the county commissioners, who shall cause the same to be placed upon the tax books of said township: Provided, that said expenses shall not, together with the amount levied for road purposes and special bridge tax, exceed in any one year one hundred cents on the one hundred dollars valuation."

Road taxes are then disposed of as provided in section 6107:

"The township trustees shall receive from the county treasurer the road taxes paid within their respective townships, and they

shall be appropriated to the building of bridges, culverts, and repairing of roads and the necessary purchasing of plows and scrapers for repairing roads within the respective road districts from which the same was collected under the supervision of the road overseer of such road district."

It is therefore plain that from information received, probably by the trustee of Hazel township from the several road overseers within the township, that lumber was needed in their respective districts for the building of bridges and the repairing of culverts, that the trustee and board of directors of the township entered into the contract of purchase set forth in the petition, and received and used the lumber thus contracted for by them for the purpose for which it was ordered, and we see no reason why the township is not bound to pay for the same, and would be liable to do so under either count of the petition. The same would certainly constitute a proper charge against the township under Wilson's Rev. & Ann. St. 1903, § 6680.

We have carefully considered the other objections raised by the demurrer, but find it useless to discuss them.

The judgment of the lower court is reversed.

All the Justices concur.